**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


<u>Charles Ellis</u>

     v.                              Civil No. 09-cv-00276-SM

<u>William Wrenn, Commissioner</u>
<u>New Hampshire Department of Corrections</u>[1]

**REPORT AND RECOMMENDATION**

Before the court is pro se petitioner Charles Ellis'
petition for a writ of habeas corpus (doc. no. 1), filed pursuant
to 28 U.S.C. § 2254.  The matter is before me for preliminary
review to determine whether or not the claims raised in the
petition are facially valid and may proceed.  <u>See</u> Rule 4 of the
Rules Governing Section 2254 cases in the United States District
Courts; United States District Court District of New Hampshire
Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to
conduct preliminary review of pro se pleadings).

---

[1]Ellis has named William Wrenn, Commissioner, New Hampshire
Department of Corrections, as the respondent.  However, because
Ellis is incarcerated at the Northern New Hampshire Correctional
Facility, the proper respondent to this action is Larry
Blaisdell, Warden of that facility.  <u>See</u> <u>Vasquez v. Reno</u>, 233
F.3d 688, 691 (1st Cir. 2000) ("prisoner's proper custodian for
purposes of habeas review is the warden of the facility where he
is being held"); <u>see also</u> 28 U.S.C. § 2243.  I have construed
Ellis' petition as having named Blaisdell as the respondent to
this action.

Standard of Review

Under LR 4.3(d)(2), when an incarcerated plaintiff or petitioner commences an action pro se and in forma pauperis, the magistrate judge conducts a preliminary review.  In a preliminary review, pro se pleadings are construed liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curium) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). The court must accept as true the plaintiff's factual assertions, Erickson, 551 U.S. at 94, and any inferences reasonably drawn from them.  See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5–6 (1st Cir. 2005).  This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

In June 2006, Ellis was convicted of negligent homicide under N.H. Rev. Stat. Ann. ("RSA") § 630:3, and possession of a controlled drug under RSA § 318-B:2, following a jury trial. He was sentenced to 6 to 12 years in prison on the negligent homicide conviction and to a suspended prison sentence on the controlled drug possession conviction. Ellis appealed to the New Hampshire Supreme Court ("NHSC"), and the NHSC affirmed his conviction. See State v. Ellis, No. 2008-0072 (N.H. Feb. 4, 2009). Ellis pursued two avenues for post conviction relief: (1) a petition for a writ of habeas corpus filed in the Rockingham County Superior Court, claiming ineffective assistance of trial counsel; and (2) this section 2254 petition, which raises issues presented in Ellis' direct appeal to the NHSC. Ellis' petition for postconviction relief under state law is pending in the Superior Court.

Ellis' section 2254 petition challenges the validity of his negligent homicide conviction and sentence on the following bases:

> 1.    The trial judge erred in admitting evidence of Ellis' prior drug use, rendering his trial fundamentally unfair in violation of his right to due process under the Fourteenth Amendment.

2.   The admission of a forensic medical report violated the Confrontation Clause of the Sixth Amendment.

3.   The indictments did not articulate how Ellis' driving caused the victim's death, in violation of Ellis' right to Due Process under the Fourteenth Amendment.

4.   The evidence on the elements of impairment and negligence was insufficient to support his conviction, in violation of his right to Due Process under the Fourteenth Amendment.

<u>Discussion</u>

I.   <u>Nonfederal Claims</u>

Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "It is commonly said that 'mere' errors under state law in the admission of evidence are not cognizable under federal habeas review.  This means that the question is not whether the admission of the evidence was state-law error, but whether any error rendered the trial so fundamentally unfair that it violated the Due Process Clause."  <u>Kater v. Maloney</u>, 459 F.3d 56, 64 (1st Cir. 2006) (citations omitted).

I construe Ellis' first claim as asserting that the

admission of evidence of his prior drug use violated his right to a fair trial under the Due Process Clause of the Fourteenth Amendment, a claim cognizable in a section 2254 proceeding.  <u>See</u> <u>Kater</u>, 459 F.3d at 64 (claim regarding admission of evidence of prior conviction, asserting that admission of evidence was so prejudicial as to make his trial fundamentally unfair, is cognizable in section 2254 petition).  Ellis does not state a separate, cognizable claim by framing this issue as a violation of Federal Rule of Evidence 404(b), because the federal evidentiary rules did not apply in his trial.  <u>See</u> N.H. R. Evid. 1101 (state rules of evidence apply to criminal proceedings in superior courts in New Hampshire).

Similarly, because federal habeas relief "does not lie for errors of state law," <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991), I construe Ellis' Confrontation Clause claim relating to the admission of the forensic medical report as being asserted under the Sixth Amendment only, not under the State Constitution.  Any state law claim raised in the petition, not implicating a claim of a violation of a federal right arising under a federal law or the U.S. Constitution, is not cognizable in this action and should be dismissed.

II.  <u>Exhaustion & Risks Relating to Piecemeal Petitions</u>

To be eligible for habeas relief on his remaining, cognizable claims, Ellis must show, for each claim: (1) that he is in custody; and (2) that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes.  <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see</u> <u>also</u> <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle).  While Ellis' imprisonment plainly satisfies the custody requirement, the exhaustion requirement remains at issue.

A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims.  <u>See</u> <u>Lanigan v. Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988).  "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  <u>Clements v. Maloney</u>, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted).  A habeas petitioner may fairly present a claim by doing any of the following:  "'(1) citing a provision of

the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.'" <u>Dutil v. Murphy</u>, 550 F.3d 154, 158 (1st Cir. 2008) (citation omitted), <u>cert. denied</u>, ___ U.S. ___, 129 S. Ct. 2064 (2009); <u>cf.</u> <u>Martens v. Shannon</u>, 836 F.2d 715, 717 (1st Cir. 1988) (simply reciting facts underlying state claim, which might support either state or federal claim, is inadequate to constitute fair presentation of federal claim to state court).  In some circumstances, a petitioner can prove that he has exhausted a federal issue by showing that he cited state court decisions that rely on federal law, or he articulated a state claim that is indistinguishable from one arising under federal law.  <u>See</u> <u>Nadworny v. Fair</u>, 872 F.3d 1093, 1099–1102 (1st Cir. 1989).  The petitioner has the burden of demonstrating that the state and federal claims are so similar that asserting only the state claim probably alerted the state court to the federal aspect of the claim.  <u>See</u> <u>id.</u> at 1100.

The record before me on exhaustion includes only Ellis' petition, supplemented with the NHSC decision on his direct

appeal.  The NHSC decision frames the Confrontation Clause claim
as purely a state constitutional issue, makes no reference to
federal law or the U.S. Constitution with respect to any of
Ellis' remaining claims, and cites only state court decisions.  I
conclude that Ellis has not carried his burden of demonstrating
exhaustion of any of his federal claims.

Furthermore, Ellis' state court petition for a writ of
habeas corpus remains pending.  Ellis proceeds at his own peril
in choosing to maintain the instant petition while the state
proceeding is pending, if he plans to assert an ineffective
assistance of trial counsel claim in a section 2254 petition to
be filed in the future.  See 28 U.S.C. § 2244(b) (new claims that
could have been raised in an earlier-filed section 2254 petition
are subject to dismissal if asserted for the first time in a
later-filed petition, and district court is without jurisdiction
to consider any "second or successive" section 2254 petition
unless court of appeals grants petitioner's motion to file the
petition in district court).

Accordingly, as indicated in the Order filed simultaneously
with this Report and Recommendation, Ellis may not proceed in
litigating this section 2254 petition without demonstrating that

8

he has exhausted each of the federal claims he has asserted. Ellis may demonstrate exhaustion to this Court, for example, by amending his petition and attaching copies of any briefs or other documents filed in the state courts that:  (1) cite pertinent federal cases, (2) refer to federal constitutional provisions, or (3) otherwise characterize his claims in a manner likely to have alerted the state courts to the federal aspects of each of his claims.

<u>Conclusion</u>

Ellis' claims based solely on the State Constitution, or State evidentiary rules should be dismissed for reasons stated above.  Ellis' remaining claims, enumerated above as Claims I to IV, asserting violations of his rights under the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment, may not proceed until he demonstrates that the exhaustion requirement has been satisfied for each claim.  In my Order issued this date, I will provide Ellis with an opportunity to amend his petition to demonstrate that he has exhausted his state remedies for each federal claim asserted, or an opportunity to move to stay this action so that he may exhaust his state court remedies as to each federal claim.

If this Report and Recommendation is approved, the claims as identified herein will be considered for all purposes to be the claims raised in the petition.  If Ellis disagrees with the identification of the claims herein, he must do so by filing an objection within ten (10) days of receipt of this notice, or by properly moving to amend the petition.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13–14 (1st Cir. 1992); United States v. Valencia–Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date: September 14, 2009

cc:   Charles Ellis, *pro se*


JRM:nmd