**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

<u>Charles Ellis</u>

    v.                                                  Civil No. 09-cv-00276-SM

<u>William Wrenn, Commissioner
New Hampshire Department of Corrections</u>[1]

**<u>ORDER</u>**

    Before the court is pro se petitioner Charles Ellis' petition for a writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to conduct preliminary review of pro se pleadings).

    For reasons set forth more fully in my Report and Recommendation issued this date, Ellis has not demonstrated that he has exhausted his state remedies as to each of his federal claims, enumerated as Claims I to IV in the Report and

---

[1] Ellis has named William Wrenn as the respondent. The proper respondent to this action, however, is Larry Blaisdell, Warden of the Northern New Hampshire Correctional Facility. <u>See</u> 28 U.S.C. § 2243. I have construed the petition as naming Blaisdell as the respondent.

Recommendation.

Accordingly, I will give Ellis the opportunity to amend his petition to demonstrate that he has satisfied the exhaustion requirement for each of his claims. To that end, Ellis is directed that, within thirty days of the date of this Order, he must:

1. Amend his petition to demonstrate that each of his claims, including the federal nature of each claim, has in fact been exhausted; or, if a claim has not yet been exhausted,

2. Elect, in writing, to forego each unexhausted claim, in which case the exhausted claims may be promptly served upon the respondent;[2] or

3. Move to stay this action so that he may return to the state courts to exhaust each unexhausted claim.

If Ellis elects to stay this action and return to the state courts to complete exhaustion, he must file his claims in state court within thirty days of the date of this Order. Ellis may file a new action in the state courts, or he may move to amend the petition for postconviction relief that is currently pending

---

[2]Ellis should be advised that, should he opt to forego his unexhausted claims, he will likely be unable to raise these claims in a future habeas action, due to the prohibition against second or successive habeas petitions. See 28 U.S.C. § 2244.

in Rockingham County Superior Court, to add these claims. While this matter is stayed, Ellis must notify this Court of the status of his state court matter every ninety days. Once the New Hampshire Supreme Court has issued a final decision, Ellis must so notify this Court within thirty days of that decision, providing this Court, at that time, with complete copies of documents filed in the state courts demonstrating that each claim, including the federal nature of the claim, has been raised and exhausted. Ellis should also provide this Court with complete copies of any orders or opinions issued by the state courts relative to his claims.

Should Ellis fail to amend his petition as directed, or otherwise fail to comply with this Order, the petition may be dismissed without prejudice for failure to demonstrate exhaustion. See 28 U.S.C. § 2254(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: September 14, 2009

cc:   Charles Ellis, *pro se*

JRM:nmd