UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Charles Ellis

    v.                                               Civil No. 09-cv-276-SM

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility[1]

**O R D E R**

Before the Court is pro se petitioner Charles Ellis's petition for a writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to conduct preliminary review of pro se pleadings).

---

[1] Ellis named William Wrenn, New Hampshire Department of Corrections Commissioner, as the respondent to this action. Because the proper respondent is his custodian, the Court has construed the petition as intending to name Larry Blaisdell, Warden of the Northern New Hampshire Correctional Facility, where Ellis is being held, as the respondent. See Vasquez v. Reno, 233 F.3d 688, 691 (1st Cir. 2000) ("prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held"); see also 28 U.S.C. § 2243.

Background

In June 2006, Ellis was convicted of negligent homicide under N.H. Rev. Stat. Ann. ("RSA") § 630:3, and possession of a controlled drug under RSA § 318-B:2, following a jury trial. He was sentenced to 6 to 12 years in prison on the negligent homicide conviction and to a suspended prison sentence on the controlled drug possession conviction. Ellis appealed to the New Hampshire Supreme Court ("NHSC"), and the NHSC affirmed his conviction. See State v. Ellis, No. 2008-0072 (N.H. Feb. 4, 2009).

Ellis initially pursued two avenues for postconviction relief: (1) a petition for a writ of habeas corpus filed in the Rockingham County Superior Court, claiming ineffective assistance of trial counsel; and (2) this section 2254 petition. Ellis's petition for postconviction relief under state law remained pending in the Superior Court at the time this petition was filed.

On September 14, 2009, the Magistrate Judge (Muirhead, Mag. J.) recommended that Ellis's state law claims asserted in his federal petition be dismissed and directed Ellis to move to stay the petition to exhaust his federal claims. See Report and Recommendation (doc. no. 3). Ellis thereafter moved for a stay of the petition. On September 22, 2009, the Court granted Ellis's motion to stay to provide him time to exhaust his state

remedies on his federal claims.  On October 30, 2009, the Court approved the September 2009 Report and Recommendation.  See Order (Oct. 30, 2009) (doc. no. 6).

The petition includes the following federal claims:

1. The trial judge erred in admitting evidence of Ellis's prior drug use, rendering his trial fundamentally unfair in violation of his right to due process under the Fourteenth Amendment.

2. The admission of a forensic medical report violated the Confrontation Clause of the Sixth Amendment.

3. The indictments did not articulate how Ellis's driving caused the victim's death, in violation of Ellis's right to Due Process under the Fourteenth Amendment.

4. The evidence on the elements of impairment and negligence was insufficient to support his conviction, in violation of his right to Due Process under the Fourteenth Amendment.

The petition does not assert any federal claim of ineffective assistance of counsel.

## II. Exhaustion

To be eligible for habeas relief on his claims, Ellis must show that he has exhausted all of his state court remedies.  See 28 U.S.C. § 2254(b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle).  A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).  The petitioner bears the burden of showing that he or she has exhausted the

3

state court remedies on the federal claims presented in the section 2254 petition.  See Adelson, 131 F.3d at 262 ("habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim").

The record before the Court on exhaustion includes Ellis's § 2254 petition and the NHSC decision on his direct appeal. Ellis asserts in the § 2254 petition that, in his direct appeal to the NHSC, he had previously presented all grounds on which he has based his federal petition.  While it is possible that Ellis, in his notice of appeal or briefs filed in the NHSC, did in fact frame the issues for the NHSC as including federal claims, the NHSC Order does not reveal that Ellis raised any federal claims in the state courts.  The NHSC decision on Ellis's direct appeal frames the Confrontation Clause claim as purely a state constitutional issue, makes no reference to federal law or the U.S. Constitution with respect to any of Ellis's remaining claims, and cites only state court decisions.

In addition, Ellis filed in this Court a notice on January 27, 2011 (doc. no. 13), which simply asserts, without further proof, that Ellis exhausted his state remedies, presumably in connection with the state court postconviction proceeding. Ellis has failed to file in this case any documents which might substantiate his claim of exhaustion, including the decisions or

4

briefs relating to those post-conviction proceedings, or any notice of appeal or brief filed in the NHSC on his direct appeal or on appeal of his state postconviction proceeding.  In light of the record before me, therefore, I conclude that Ellis has not demonstrated that he has exhausted his state court remedies on his federal claims.

Ellis may not proceed here without demonstrating exhaustion.  To demonstrate exhaustion, Ellis must file a motion to amend his petition, attaching copies of Orders issued by the state courts and any briefs or notices of appeal filed in the NHSC, including the exhibits or appendices filed therewith that: (1) cite pertinent federal cases, (2) refer to federal constitutional provisions, or (3) otherwise characterize his claims in a manner that would alert the NHSC to the federal nature of each claim.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008), cert. denied, ___ U.S. ___, 129 S. Ct. 2064 (2009); Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (petitioner must show that he tendered his federal claim so as to make it "'probable that a reasonable jurist would have been alerted to the existence of the federal question'" (citation omitted)).

<u>Conclusion</u>

Ellis is directed that, within thirty days of the date of this Order, he must file a motion to amend his petition, including as exhibits to the proposed petition amendment:

>    1.   Any briefs or notices of appeal that he filed in the New Hampshire Supreme Court, including the exhibits or appendices thereto; and
>
>    2.   Any orders issued by the New Hampshire Supreme Court, in Ellis's direct appeal or in his appeal of the state postconviction proceeding,

which demonstrate that he exhausted his remedies in the state courts as to each federal claim in his section 2254 petition.

Should Ellis fail to amend his petition as directed, or otherwise fail to comply with this Order, the petition may be dismissed without prejudice for failure to demonstrate exhaustion.  <u>See</u> 28 U.S.C. § 2254(b).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: February 15, 2011

cc:   Charles Ellis, pro se

LBM:nmd