UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


<u>Charles Ellis</u>

    v.                                    Civil No. 09-cv-00276-SM

<u>Larry Blaisdell, Warden,</u>
<u>Northern New Hampshire</u>
<u>Correctional Facility</u>


**O R D E R**


Pro se petitioner Charles Ellis has filed a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2254.  On February 15, 2011, this court directed Ellis to amend his petition to show that the state's highest court has had an opportunity to review each federal claim asserted in the petition.  <u>See</u> Order (doc. no. 14).  Before the court is Ellis's response to that February 15 Order, including exhibits (doc. nos. 15 & 17).  The matter is before the court for preliminary review to determine whether Ellis has exhausted his federal claims in the state courts.  <u>See</u> Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to conduct preliminary review of pro se pleadings).

**Background**

In June 2006, Ellis was convicted of negligent homicide under N.H. Rev. Stat. Ann. ("RSA") § 630:3, and possession of a controlled drug under RSA § 318-B:2, following a jury trial. He was sentenced to 6 to 12 years in prison on the negligent homicide conviction and to a suspended prison sentence on the controlled drug conviction. Ellis appealed to the New Hampshire Supreme Court ("NHSC"), and the NHSC affirmed his conviction. See State v. Ellis, No. 2008-0072 (N.H. Feb. 4, 2009). Thereafter, Ellis filed a petition for a writ of habeas corpus in the Rockingham County Superior Court, claiming ineffective assistance of trial counsel. Ellis's petition for postconviction relief under state law remained pending in the Superior Court at the time he filed this § 2254 petition in 2009.

Following an initial review of Ellis's § 2254 petition, the court construed the petition as intending to assert four federal claims. Those claims, as further clarified by petitioner, are the following[1]:

    1.   The trial judge erred in admitting evidence of Ellis's prior drug use through the testimony of a police officer,

---

[1] The identification of the claims set forth herein shall be considered for all purposes to be the claims raised in the § 2254 petition. If Ellis disagrees with this identification of the claims, he must move for reconsideration, or move to amend the petition.

    without notice, thereby rendering his trial fundamentally unfair in violation of his right to due process under the Fourteenth Amendment.

    2.   The admission of a forensic medical report violated the Confrontation Clause of the Sixth Amendment and Ellis's right to due process under the Fourteenth Amendment.

    3.   The indictments did not articulate how Ellis's driving caused the victim's death, in violation of Ellis's right to Due Process under the Fourteenth Amendment.

    4.   The evidence on the elements of impairment and negligence was insufficient to support Ellis's conviction, in violation of his right to Due Process under the Fourteenth Amendment.

<u>See</u> Report and Recommendation (doc. no. 3) (identifying claims); <u>see also</u> Def.'s NHSC Brief (doc. no. 17-2) (setting forth claims); Response/Letter (doc. no. 15) (elaborating on Claim 2, citing Sixth and Fourteenth Amendments); Petition (doc. no. 1). Noting that Ellis had not included any federal claim of ineffective assistance of counsel in his § 2254 petition, this court has previously cautioned Ellis that failing to assert all federal claims in a single petition risks losing the chance to have a federal court in the future review his Sixth Amendment claims of ineffective assistance of counsel. <u>See</u> Report and Recommendation (doc. no. 3).

    Upon finding in September 2009 that Ellis had not demonstrated exhaustion of any federal claim asserted in the petition, the court directed Ellis to either demonstrate exhaustion of all of his claims or file a motion to stay the

case to complete exhaustion in the state courts.  See Order (doc. no. 4) (Sept. 14, 2009).  Thereafter, the court granted Ellis's motion to stay the federal case, in an endorsed Order issued September 22, 2009.  See Order (granting motion to stay (doc. no. 5)).  The stay was lifted after Ellis filed a notice on January 27, 2011, stating that he had exhausted all of his state remedies.  See Notice (doc. no. 13).

On February 15, 2011, the court reviewed the January 27 notice filed by Ellis and determined that Ellis had not sufficiently demonstrated exhaustion of each federal claim in his section 2254 petition to allow the matter to proceed at that time.  The court directed Ellis to file evidence of exhaustion, including the briefs or notices that he had filed in the NHSC, and any pertinent NHSC decisions.  See Order (doc. no. 14).  In response to that February 15 Order, Ellis sent a letter to the court explaining how he considered his federal Confrontation Clause claim (Claim 2) to be exhausted, along with a copy of the brief filed in the NHSC and the decision issued by the NHSC on his direct appeal.  See Response/Letter (doc. no. 15); Addendum/Exhibits (doc. nos. 17-1 & 17-2).  Those documents are before the court at this time.

**Discussion**

I.  Exhaustion

To be eligible for habeas relief on his claims, Ellis must show that he has exhausted his state court remedies on each and every federal claim asserted in his § 2254 petition. See 28 U.S.C. § 2254(b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle). To demonstrate exhaustion, a petitioner must show that he tendered his federal claim to the state's highest court in a manner that made it "'probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (citation omitted).

II. Ellis's Claims

A.  Claim 1

The first federal claim asserted in Ellis's § 2254 petition is that the trial court's admission of evidence of an uncharged drug offense through a police officer's testimony, without prior notice to Ellis, rendered his trial fundamentally unfair, in violation of his right to due process under the Fourteenth Amendment. In a brief filed in the NHSC, Ellis's counsel quoted a state case, contending that "'due process'" principles were at issue when evidence of an uncharged crime was admitted without prior notice to the defendant. The cited case, State v. Haley,

141 N.H. 541, 545, 689 A.2d 671, 674 (1997), analyzed the due process question under the State Constitution, after concluding that the State standard was stricter than the due process requirements set forth in the Fourteenth Amendment. The references to due process and to a case examining state and federal law, set forth in a brief filed in the NHSC, alerted the NHSC to the federal nature of Claim 1. Accordingly, the federal aspect of Claim 1 is deemed exhausted.

B.  Claim 2

The second federal claim in Ellis's § 2254 petition is that the trial court's admission of a laboratory technician's report violated his right to confront witnesses, under the Sixth and Fourteenth Amendments, because the report was testimonial and the technician did not appear as a witness, and, additionally, the admission of the lab report was not harmless error. See Petition (doc. no. 1); Letter (doc. no. 15) (elaborating on Ellis's Confrontation Clause argument). On page 11 of the brief filed in the NHSC on Ellis's direct appeal, counsel summarized the Confrontation Clause argument as follows:

> The Trial Court erred in overruling the Defendant's Confrontation Objection to a forensic medical report proffered by the State, which contained inadmissible testimonial hearsay, and in so doing violated your Defendant's rights under Part 1, Article 15 of the New Hampshire State Constitution as well as the Sixth and

>Fourteenth Amendments to the Constitution of the
>United States of America . . . .

Def.'s Br. (doc. no. 17-2), at 11.  Ellis's counsel in the NHSC repeatedly cited a federal case interpreting the Sixth Amendment, Crawford v. Washington, 541 U.S. 36 (2004), in contending that the laboratory report was testimonial and therefore within the scope of the Confrontation Clause. Citations to a federal case and to provisions of the United States Constitution are sufficient to exhaust a federal claim in the state courts.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008), cert. denied, ___ U.S. ___, 129 S. Ct. 2064 (2009).

The court notes that Ellis's appellate counsel relied heavily on State law, and came close to abandoning the federal claim before the NHSC, in contending that an NHSC case – since overruled – was distinguishable.  See State v. O'Maley, 156 N.H. 125, 138-39, 932 A.2d 1, 13 (2007), overruled by State v. Dilboy, 160 N.H. 135, 152, 999 A.2d 1092, 1106 (2010).  Ellis's counsel nevertheless manifested his intent to retain the federal claim as a basis for reversing Ellis's conviction, by citing pertinent federal constitutional provisions at the outset of his argument, and by urging the NHSC to follow the reasoning of the dissent in O'Maley and other cases that applied Crawford, 541 U.S. at 68.  For these reasons, a reasonable jurist reviewing the brief filed by Ellis would find that the federal claim was

7

not abandoned. Accordingly, Ellis has shown that he exhausted his state remedies for Claim 2.

    C.   Claim 3

The third federal claim in Ellis's § 2254 petition is that the indictments did not specify how Ellis's driving caused the victim's death, thereby rendering the indictments facially insufficient in violation of his right to due process. A claim may be deemed exhausted if the petitioner cites a provision of the United States Constitution, or if the petitioner articulated to the state's highest court a state claim that is indistinguishable from one arising under federal law. See Nadworny v. Fair, 872 F.3d 1093, 1099-1102 (1st Cir. 1989); see also Dutil, 550 F.3d at 158.

Ellis's brief cited the "United States Constitution" with respect to this claim. Moreover, the NHSC decision on Ellis's direct appeal employed a test of the sufficiency of the indictments that is the same as that required by federal law. Compare State v. Ellis, No. 2008-072 (N.H. Feb. 4, 2009), slip op. at 2 (doc. no. 17-1), with United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993) ("in general, an indictment is sufficiently particular if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double

jeopardy in bar of future prosecutions for the same offense"); see also United States v. Guillen-Zapata, 240 Fed. Appx. 797, 799 (10th Cir. 2007) (same test, citing Fifth and Fourteenth Amendments).  For those reasons, Claim 3 is deemed exhausted.

    D.    Claim 4

The fourth federal claim raised in Ellis's § 2254 petition is that the evidence of impairment and negligence on the negligent homicide indictments was insufficient as a matter of law to support a conviction, rendering his conviction fundamentally unfair, in violation of his right to due process. Ellis's appellate counsel in the NHSC direct appeal raised this claim by citing a standard used by the state courts that is the same as that used in federal cases:  "'we must determine whether any rational trier of fact could have found guilt beyond a reasonable doubt . . . . [W]e must consider all the evidence . . . in the light most favorable to the State.'"  Def.'s Br. at 20 (doc. no. 17-2)).  See Mulnix v. Sec'y for Dep't of Corrs., 254 Fed. Appx. 763, 764-65 (11th Cir. 2007) (finding that federal due process claim was exhausted when Florida state courts reviewed sufficiency of evidence claim using standard identical to that in Jackson v. Virginia, 443 U.S. 307, 319 (1979) ("relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" emphasis in original)); see also Nadworny, 872 F.2d at 1099-1100 (exhaustion may be found if state and federal claims are practically indistinguishable). Accordingly, Claim 4 is deemed exhausted.

III. Service

Ellis, a prisoner in state custody, has satisfied the prerequisites to having his section 2254 petition served. As the petition includes only exhausted, cognizable federal claims, it may proceed. Accordingly, the court directs service on the respondent as specified below.

## Conclusion

The clerk's office shall correct the docket to indicate that the proper respondent is Larry Blaisdell, Warden of the Northern New Hampshire Correctional Facility. The petition shall be served upon Blaisdell, who shall file an answer or other pleading in response to the allegations made therein. See § 2254 Rule 4 (requiring reviewing judge to order response to petition). The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, electronic copies of: this Order; Ellis's Response/Letter (doc. no. 15); Ellis's

Addendum/Exhibits, including the attachments (doc. no. 17); the September 14, 2009, Report and Recommendation (doc. no. 3); and the original habeas petition (doc. no. 1).

The Warden shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: May 17, 2011

cc:   Charles Ellis, pro se

LBM:nmd